**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN H. MILLER,                                    Case No. 1:24-cv-712

    Plaintiff,                                 McFarland, J.
                                                   Bowman, M.J.
    v.

OHIO CIVIL RIGHTS COMMISSION,

    Defendant.

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff John Miller has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed with prejudice, and the Plaintiff be formally warned that the filing of future repetitive lawsuits will result in him being classified as a vexatious litigator in this Court.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as factually and legally frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v.*

*Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. A complaint is factually frivolous when it contains "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325. In other words, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Plaintiff's complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed me" allegations and therefore is subject to summary dismissal with prejudice. In concluding that the instant complaint is subject to summary dismissal under *Iqbal*, the undersigned takes judicial notice that this is the <u>seventh</u> lawsuit that Plaintiff has filed concerning the same subject matter in this Court since 1999, with four prior cases having been filed this year alone. *See e.g.*, *Miller v. Pinacore, et al.*, No. 1:99-cv-981-SAS-JS (employment discrimination suit filed by Plaintiff against his former employer and five individuals including Hudson; individual defendants dismissed on August 1, 2000); *Miller v. Hudson*, No. 1:02-cv-789-SAS-JS (civil rights case dismissed on initial screening on October 29, 2002 for lack of subject matter jurisdiction); *Miller v. Hudson*, No. 1:24-cv-98-MRB-SKB (case dismissed with prejudice on initial screening on April 19,

2024 for failure to state a claim); *Miller v. Hudson*, No. 1:24-cv-401-MRB-KLL (case dismissed with prejudice on initial screening on August 28, 2024 for failure to state a claim); *Miller v. Hudson*, No. 1:24-cv-468-JPH-SKB (case dismissed with prejudice on initial screening on October 9, 2024, and Plaintiff advised that any future complaint "based on the same subject matter is likely to result in a finding that he is a vexatious litigant."); *Miller v. Hudson*, No. 1:24-cv-608-JPH-KLL (November 1 and December 6, 2024 R&Rs pending, both recommending that complaint and amended complaint be dismissed with prejudice for failure to state a claim).

Whether deliberately or inadvertently, Plaintiff consistently has concealed the existence of his prior cases concerning the same subject matter when initiating new litigation in this Court. The complaint form used by Plaintiff expressly asks the pro se litigant for a list of previous cases, requiring him to "state the case number and caption" of each lawsuit in which he previously appeared as a plaintiff. (*See* Doc. 1-1, PageID 7). The query is important for many reasons, but particularly for judicial officers assigned to screen the complaints of those seeking to proceed *in forma pauperis*. The information assists the Court in more readily identifying duplicitous lawsuits and/or vexatious litigants. But in this case and in other cases, Plaintiff has left the question blank, falsely implying that he has filed none.[1] (S*ee generally*, No. 1:24-cv-468-JPH-SKB, Doc. 1-1, PageID 7).

Because the undersigned has screened prior complaints filed by the same Plaintiff, the undersigned was under no personal misapprehension about Plaintiff's litigation history. Consistent with those prior complaints, Plaintiff's most recently filed complaint

---

[1] The commonality of Plaintiff's first and last names, coupled with the fact that he has filed variously under "John Miller," "John H. Miller" and "John Holsen Miller" is a barrier to easy identification of his past related litigation.

fails to state a claim upon which relief may be granted. On the whole, the complaint contains insufficient factual detail from which this Court can discern any conceivable or plausible legal claim against the Ohio Civil Right[s] Commission, or against any other potential defendant. Here it is worth noting that in the amended complaint filed in No. 1:24-cv-608-JPH-KLL, Plaintiff attempted to add the "Ohio Civil Rights Commission" as an additional Defendant. (*Id*., see Doc. 5). In a Report and Recommendation recommending dismissal of the amended complaint, however, Magistrate Judge Litkovitz pointed out that Plaintiff had failed to allege any wrongdoing on the part of either of the Ohio Civil Rights Commission or the "District 1 Police." (*Id.*, Doc. 7).

In this case, Plaintiff also has failed to explain how the Defendant Ohio Civil Rights Commission harmed him, or when. No dates are included in the instant complaint. But Plaintiff generally alleges that he worked for "Pinnacore [sic]" and "was fired onlawful [sic]" and "given a Letter to sue the Company & George Hudson." (Doc. 1-1, PageID 6). Plaintiff alleges that someone "told Erin Gordon From the Ohio Civil Right Commission I never knew him. That is a lie." (*Id*.) The disjointed and mostly unintelligible nature of Plaintiff's allegations makes the precise nature of the wrongs difficult to decipher. However, Plaintiff's prior complaints include some of the same allegations, identifying George Hudson as the person who spoke with Erin Gordon and the date of his alleged termination as 1998. (*See*, *e.g*., No. 1:24-cv-98, Doc. 1-1, tendered complaint).

Two months ago, when Plaintiff had already filed five cases concerning the same subject matter, including at least three cases dismissed with prejudice on initial screening, this Court issued the following warning to Plaintiff: "Plaintiff is hereby advised that filing any future complaint based on the same subject matter is likely to result in a finding that

he is a vexatious litigant who should be made subject to prefiling restrictions." No. !:24-cv-468-JPH-SKB (Order of 10/9/24, adopting R&R dismissing case). The above-captioned complaint ignores that warning. It concerns the same subject matter as Plaintiff's last six complaints, including the same defendant that Plaintiff attempted unsuccessfully to add to his last dismissed case. (See No. 1:24-cv-608-JPH-KLL, Doc. 5, amended complaint and Doc. 7, R&R dismissing amended complaint).

When a litigant fails to comprehend the basis for the prior dismissals and continues to file additional lawsuits subject to dismissal on the same grounds, a federal court may deem that litigant to be vexatious and impose an appropriate sanction. *See Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of monetary sanctions and injunction that prohibited plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir.1987); *Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) (Table) (upholding sanctions against pro se litigant who had repeatedly attempted to collaterally attack foreclosure and eviction, and was using the judicial system to harass and punish anyone who had anything to do with those actions). *See also, generally Matter of Chaban*, Case No. 2:17-cv-11139, 2017 WL 2544346 (E.D. Mich. June 13, 2017) (directing plaintiff to "show cause" under Bankruptcy Rule 8020 why the court should not sanction him for filing a fifth frivolous appeal of a bankruptcy court order).

### III.  Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against the only named Defendant. Because the complaint fails to state a claim upon which relief may be granted and is repetitious of Plaintiff's prior six complaints, it should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B). In addition, because the above-captioned complaint constitutes the seventh case involving the same subject matter, and ignores this Court's prior warning that any additional such cases would result in Plaintiff being deemed a vexatious litigant subject to pre-filing restrictions, **IT IS RECOMMENDED THAT:**

1. This case be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted;

2. Plaintiff should be declared to be a vexatious litigant who should be made subject to prefiling restrictions;

3. Specifically, Plaintiff should be barred from filing any additional lawsuits relating to his termination from Pinacore (or "Pinnacore"), and/or that concern George Hudson or Erin Gordon or the Ohio Civil Rights Commission's "right to sue" letter or investigation of his termination;

4. Due to his repeated failure to list his prior litigation in this Court and the added administrative burden on the Court to review his litigation history, Plaintiff also should be required to include a copy of this Report and Recommendation with any future complaint that he either tenders for failing (if seeking to file *in forma pauperis*) or that he files in this Court after paying the requisite filing fee;

5. Plaintiff should be further warned that a violation of the Court's Order in this case is likely to result in additional pre-filing sanctions;

6. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore should deny Plaintiff leave to appeal *in forma pauperis.*

　*s/Stephanie K. Bowman*　　
Stephanie K. Bowman
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN H. MILLER,                                              Case No. 1:24-cv-712

    Plaintiff,                                          McFarland, J.
                                                            Bowman, M.J.
    v.

OHIO CIVIL RIGHT COMMISSION,

    Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9